IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH EDWARD STEIN, SR.,                    *
    Plaintiff

    v.                                                      *     CIVIL ACTION NO. AMD-04-3303

UNITED STATES OF AMERICA,                    *
    Defendant

                                  ******

## MEMORANDUM

Plaintiff, Joseph Stein filed this action seeking the return of personal property, i.e. firearms, personal items, and documents, allegedly seized by agents of the Federal Bureau of Investigation from a residence in Westminster, Maryland.[1] Jurisdiction lies pursuant to 28 U.S.C. § 1331.  Now pending is defendant's motion to dismiss, or in the alternative, motion for summary judgment; plaintiff's opposition; and defendant's reply thereto.  Paper Nos. 7, 9, & 11.  The case may be determined without oral hearing.  *See* Local Rule 105.6. (D. Md. 2004).

The record shows that on December 15, 1996, as part of a criminal investigation in *United States v. Stein*, Criminal No. AMD-97-0389 (D. Md.) and *United States v. Carter, et al.*, Criminal No. AMD-97-0381 (D. Md.), the FBI conducted a search of the residence in question. Paper No. 7, Ex. A. During the search, the government seized documents, firearms, and jewelry. *Id.* Plaintiff was

---

[1]Plaintiff filed this action as a motion for return of property pursuant to Fed.R.Crim.P. 41(e). Where the trial has concluded and there is no need for the property as evidence, Rule 41(e) is not the appropriate vehicle for seeking a return of property. In such a case, "the request for the return of the seized property is essentially a civil equitable proceeding, notwithstanding the fact that the motion was styled under Fed. R. Crim. P. 41. . . ." *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (internal quotation and alterations omitted); *accord United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996); *see also United States v. Jones*, 215 F.3d 467, 468-70 (4th Cir. 2000); *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *United States v. Woodall*, 12 F.3d 791, 794 n. 1 (8th Cir. 1993) (pro se pleading styled as a Rule 41(e) motion should be liberally construed as seeking to invoke the proper remedy where criminal proceedings have ended); *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992) ( "Where criminal proceedings have already been completed, a district court should treat a rule [sic] 41(e) motion as a civil complaint.").

subsequently charged with conspiracy to possess firearms by a convicted felon, possession of firearms by a convicted felon, possession of stolen firearms, destruction of property by fire, and aiding and abetting. *Id*. He entered a guilty plea to possession of stolen firearms, destruction of property by fire, and aiding and abetting in violation of 18 U.S.C. §§ 2, 922(j), & 844(i)(f), and on July 1, 1998, was sentenced to concurrent 120-month terms of imprisonment in the U.S. Bureau of Prisons. *Id*.

The government states that as the seizure took place in 1996, it has destroyed any seized documents. *Id*. It acknowledges that it still retains possession of the firearms and jewelry, but argues that plaintiff's complaint is barred by the applicable statute of limitations and doctrine of laches and is otherwise subject to dismissal as plaintiff: (i) is a convicted felon who is prohibited from possessing a firearm; and (ii) has failed adequately to identify and plead lawful ownership of the possessions he alleges were seized and not returned. *Id*.

In his opposition, plaintiff asserts that his claim is not time-barred as: (i) there was no valid forfeiture order to commence the running of the statute of limitations; (ii) a second search of the property occurred in 1998, within the applicable six-year statute of limitation period; (iii) the government acknowledges possession of his property; (iv) his confinement in West Virginia would toll the limitation period under West Virginia law; and (v) his request for the inventory of the property and his belief that the government would return his property tolled the limitation period. Paper No. 9. He argues that laches is not favored at law and that he merely seeks the equitable remedy of having his firearms turned over to his son as assignee. *Id*. In addition, plaintiff alleges that nowhere have defendants alleged that the seized property was connected to criminal activity. *Id*.

2

In the rebuttal arguments presented in its reply, the government reiterates its grounds for dismissal, asserting that complaint is barred by the six-year statute of limitations and that as a convicted felon, plaintiff cannot legally possess a firearm directly or indirectly by delegating the possession to his son. Paper No. 11.  In addition, defendant claims that a number of the items of property listed by plaintiff related to searches and seizures that had nothing to do with plaintiff or his property.  *Id.* at 3 & Ex. 1.

As previously indicated by the court, a post-conviction motion filed by a federal defendant for the return of property is to be construed as a civil rights action.  *United States v. Jones*, 215 F.3d 467, 468-70 (4th Cir. 2000).   As a civil action against the United States, the matter is subject to the six-year statute of limitations set out under 28 U.S.C. § 2401. *See Boero v. Drug Enforcement Administration*, 111 F.3d 301, 305, n. 5 (2d Cir.1997).

In a case of seizure and wrongful refusal to return property where no civil or administrative forfeiture proceeding has been instituted against the property, the general principle is that the accrual date of a cause of action is when plaintiff discovered or had reason to discover that he has suffered injury due to defendant's actions. *See U.S. v. Rodriguez Aguirre*, 264 F.3d 1195, 1212-13 (10th Cir. 2001).  In this case, there are no records of forfeiture proceedings against the property, so plaintiff's injury was the government's seizure of his property. Therefore, plaintiff knew--or at least should have known--that his property was seized when the FBI agents seized the property in December 1996.   This conclusion as to the date of accrual is supported by the decision in *United States v. Jones*, 42 F.Supp.2d 615, 617 (W.D. N.C. 1999), which held that a cause of action for return of property accrued on the date the property was seized.

Alternatively, in the Rule 41(e) context, the date on which a claimant can reasonably be

expected to inquire after property that has been seized by the United States in conjunction with criminal proceedings, but has not been the subject of criminal, civil or administrative forfeiture proceedings, is deemed to be the date on which the criminal proceedings against the claimant have concluded. *U.S. v. Rodriguez Aguirre*, 264 F.3d at 1212-13.  The government is clearly permitted to seize evidence for use in investigations and trial. The government may not, by exercising its power to seize, effect a *de facto* forfeiture by retaining the property seized indefinitely.  *Id*. Therefore, the general rule is that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir.1990).

The exhibits in the record clearly show that the residential search and seizure of property pertaining to plaintiff's criminal case occurred on December 15, 1996. Plaintiff's criminal proceedings concluded on July 1, 1998, when judgments were entered against the plaintiff in his criminal cases. *See United States v. Stein*, Criminal No. AMD-97-0389 at Paper No. 16 (D. Md.) and *United States v. Carter, et al.*, Criminal No. AMD-97-0381 at Paper No. 31 (D. Md.) The instant case was filed in October 2005.  Consequently, under either accrual date, plaintiff's complaint was filed after the expiration of the six-year limitation period provided in § 2401 and was untimely.

Nonetheless, whether plaintiff's right of action accrued on the date of the seizure, conclusion of criminal proceedings, or at some other time thereafter, his complaint for the return of the property is otherwise without merit. The government correctly observes that plaintiff, as a convicted felon, is prohibited from the direct or constructive possession of the unidentified firearms he seeks to have returned to him.  *See* 18 U.S.C. § 922(g); *United States v. Cleney*, 25 F.3d 1041, 1994 WL 233296 (4th Cir. May 31, 1994) (unpub.); *see also United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000).

4

Further, while the government acknowledges possession of certain items of jewelry seized from the Deep Run Road address, at no point in his complaint or opposition response does plaintiff specifically identify the jewelry or provide affidavits or documents demonstrating a sufficient property ownership over the items taken from the residence. *See United States v. Maez,* 915 F.2d 1466, 1468 (10th Cir. 1990); *Lynn v. West*, 134 F.3d 582, 585 (4th Cir. 1998); *U.S. v. 328 Pounds More or Less, of Wild American Ginseng*, 347 F.Supp.2d 241, 245-46 (W.D. N.C. 2004).  To further compound the ambiguities concerning what property is at issue, plaintiff seemingly requests the return of property seized during searches of other individuals and other residential properties. Paper No. 9, Ex. A; Paper No. 11, Ex. 1. Plaintiff has failed to meet threshold case and controversy standing requirements.

    For the aforementioned reasons, defendant's motion to dismiss or, in the alternative, motion for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. An Order follows.

Date: April 5, 2005                              _____/s/_____
                                                 Andre M. Davis
                                                 United States District Judge